No. 25-1035

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

ALLIANCE OF HEALTH CARE SHARING MINISTRIES
*Plaintiff-Appellant*

v.

MICHAEL CONWAY,
in his official capacity as
Commissioner of the Colorado Division of Insurance
*Defendant-Appellee*

---

Appeal from the United States District Court for the District of Colorado,
No. 1:24-cv-01386-GPG-STV (Hon. Gordon Gallagher)

---

## APPENDIX VOL VIII - Pages A-351 - A-373

Date: March 21, 2025

Michael F. Murray
Paul Hastings LLP
2050 M Street, NW
Washington, D.C. 20036
(202) 551-1730
michaelmurray@Paulhastings.Com
William E. Mahoney
Paul Hastings LLP
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
(713) 860-7304
williammahoney@Paulhastings.Com

*Counsel For Plaintiff Alliance of
Health Care Sharing Ministries*

| ECF NO. | *DESCRIPTION* | Appx. Page No. |
|---|---|---|
| **Appendix Vol. I, Pages 1-140** | | |
| - | District Court Docket Sheet | A-1 |
| 8-1 | Ex. A - Declaration of Rob Waldo (May 17, 2024) | A-9 |
| 8-2 | Ex. A-1 – Samaritan Bylaws | A-19 |
| 8-3 | Ex. A-2 - Samaritan Guidelines | A-44 |
| 8-4 | Ex. A-3 - Samaritan Membership Application | A-94 |
| 8-5 | Ex. B - Declaration of Katy Talento | A-100 |
| 32 | Amended Complaint of Alliance of Health Care Sharing Ministries (July 1, 2024) | A-109 |
| **Appendix Vol. II, Pages 141-179** | | |
| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 1-1.6 (September 3, 2024) | A-141 |
| **Appendix Vol. III, Pages 180-223** | | |
| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 1.7-1.22 (September 3, 2024) | A-180 |
| **Appendix Vol. IV, Pages 224-261** | | |
| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 1.23-1.28 (September 3, 2024) | A-224 |
| **Appendix Vol. V, Pages 262-307** | | |
| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 1.29-1.33 (September 3, 2024) | A-262 |

| | **Appendix Vol. VI, Pages 308-331** | |
|---|---|---|
| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 1.34-1.36 (September 3, 2024) | A-308 |
| | **Appendix Vol. VII, Pages 332-350** | |
| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 1.43-1.54 (September 3, 2024) | A-332 |
| | **Appendix Vol. VIII, Pages 351-373** | |
| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 1.37-1.39 (September 3, 2024) | A-351 |
| | **Appendix Vol. IX, Pages 374-424** | |
| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 1.40-1.40 (September 3, 2024) | A-374 |
| | **Appendix Vol. X, Pages 425-478** | |
| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 1.40-1.41 (September 3, 2024) | A-425 |
| | **Appendix Vol. XI, Pages 479-541** | |
| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 1.41-1.42 (September 3, 2024) | A-479 |
| | **Appendix Vol. XII, Pages 542-573** | |

| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 1.43-1.54 (September 3, 2024) | A-542 |
|---|---|---|
| **Appendix Vol. XIII, Pages 574-612** | | |
| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 1.54-1.59 (September 3, 2024) | A-574 |
| **Appendix Vol. XIV Pages 613-682** | | |
| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 1.6-1.6 (September 3, 2024) | A-613 |
| **Appendix Vol. XV, Pages 683-767** | | |
| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 1.61-1.64 (September 3, 2024) | A-683 |
| **Appendix Vol. XVI, Pages 768-816** | | |
| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 2.0-2.3 (September 3, 2024) | A-768 |
| **Appendix Vol. XVII, Pages 817-867** | | |
| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 2.3-2.4 (September 3, 2024) | A-817 |
| **Appendix Vol. XVIII, Pages 868-933** | | |
| 46-1 | Appendix of Exhibits to Response to Motion for Preliminary Injunction, Exhibits 2.5-7 (September 3, 2024) | A-868 |

| | Appendix Vol. XIX, Pages 934-1002 | |
|---|---|---|
| 52.1 | Appendix to Reply to Motion for Preliminary Injunction (September 17, 2024) | A-934 |
| 54 | Order Denying the Alliance's Motion for a Preliminary Injunction (January 13, 2025) | A-949 |
| | Appendix Vol. XX, Pages 1003-1041 | |
| 54 | Order Denying the Alliance's Motion for a Preliminary Injunction (January 13, 2025) | A-1003 |
| 55 | Notice of Appeal as to Order on Motion for Preliminary Injunction (January 27, 2025) | A-1015 |
| 58-1 | Motion for Order to Grant Injunction Pending Appeal (January 28, 2025) | A-1017 |
| | Appendix Vol. XXI, Pages 1042-1077 | |
| 58-1 | Motion for Order to Grant Injunction Pending Appeal (January 28, 2025) | A-1042 |
| 60 | Order Denying Motion for Injunction Pending Appeal (February 3, 2025) | A-1069 |

61.     On multiple occasions since approximately 2016 through the present, Aliera acted as an unlicensed insurance producer in New York with respect to Trinity and its predecessor's products, despite never holding a license to act as an insurance producer in this state from the Department.

62.     Aliera repeatedly participated in marketing and solicitation with regard to Trinity and its predecessor's products through internet marketing and targeting New York consumers through licensed insurance brokers.  These solicitations urged consumers to purchase these products.

63.     Aliera received compensation directly or through its subsidiaries for its involvement in the marketing and solicitation of Trinity and its predecessor's products.

64.     Accordingly, Aliera acted as an unlicensed insurance producer in New York and is liable to pay a civil monetary penalty of up to five hundred dollars ($500) for each violation.

<u>CHARGE V</u>
RESPONDENTS VIOLATED NEW YORK INSURANCE LAW § 2102(e)(1)

65.     Petitioner realleges and incorporates by reference the assertions contained in paragraphs 1-40 above as if set forth fully herein.

66.     On multiple occasions from approximately 2016 through the present, Respondents engaged in the unauthorized business of insurance in New York despite never holding a license from the Department.

67.     Respondents have never been authorized to conduct an insurance business in New York.

68.     On multiple occasions from approximately 2016 through the present, Respondents repeatedly participated in marketing and solicitation with regard to their health care products

20

through internet marketing and calling New York consumers through licensed insurance brokers. These solicitations urged consumers to purchase such products.

69.     Accordingly, Respondents have received commissions, services fees, brokerage, or other valuable consideration for selling, soliciting, or negotiating insurance in New York despite never having a license issued by the Department and are liable to pay a civil monetary penalty of up to five hundred dollars ($500) for each transaction.

<u>CHARGE VI</u>
ALIERA VIOLATED NEW YORK INSURANCE LAW § 2117(a)

70.     Petitioner realleges and incorporates by reference the assertions contained in paragraphs 1-40 above as if set forth fully herein.

71.     On multiple occasions from approximately 2016 through the present, Aliera aided an unauthorized insurer by soliciting, negotiating, and effectuating Trinity and its predecessor's health care plans.

72.     Neither Trinity, nor its predecessor, is currently or has ever been authorized as an insurer in New York.

73.     Accordingly, Aliera aided an unauthorized insurer and is liable for civil monetary penalties up to five hundred dollars ($500) for each transaction.

<u>CHARGE VII</u>
ALIERA VIOLATED NEW YORK INSURANCE LAW § 2122(a)(2)

74.     Petitioner realleges and incorporates by reference the assertions contained in paragraphs 1-40 above as if set forth fully herein.

75.     Neither Trinity, nor is predecessor, is currently and has never been an authorized insurer in New York.

21

76.    Nevertheless, on multiple occasions from approximately 2016 through the present in marketing and promoting Trinity and its predecessor's programs, Aliera called attention to an unauthorized insurer.

22

PLEASE TAKE NOTICE THAT, as a result of these charged violations, the Department is seeking the following relief:

a)      The imposition of civil monetary penalties against Respondents with respect to those violations in which such penalties are authorized; and

b)      The issuance of an order upon the Respondents requiring it to remedy the defined violations alleged herein; and

c)      Such other relief, including a restitution order, as is deemed just and appropriate.

PLEASE TAKE FURTHER NOTICE THAT:

(A)     Respondents are persons within the meaning of Section 2402 of the Insurance Law, and as such, is within the jurisdiction of the Department for purposes of this hearing, which is brought against Respondents pursuant to Article 24 of the Insurance Law.

(B)     This Notice of Hearing and Statement of Charges is issued to Respondents pursuant to Section 2405 of the Insurance Law and Sections 305 and 306 of the Financial Services Law, and notice of the hearing is given to Respondents in accordance with Section 304 of the Financial Services Law.

(C)     Your attention is directed to a statement in plain language, attached hereto as Appendix A, summarizing the provisions of 23 NYCRR Part 2. **This statement contains important information concerning your rights and the Department's hearing procedures and should be read carefully.**  A copy of 23 NYCRR Part 2 will be furnished upon request.

(D)     Interpreter services shall be made available to deaf persons, at no charge.

(E)     Should you fail to appear at the time and place set forth above, or at any subsequent date fixed for the hearing, the hearing will proceed as scheduled and may result in the following:

23

i.     The issuance of a report by the Superintendent finding defined violations of 23 NYCRR Part 500 and the issuance of an order upon Respondents requiring it to remedy the defined violations; and

ii.    The assessment of civil monetary fines and an order of restitution against Respondents pursuant to Financial Services Law Section 408 and the New York Insurance Law.

Dated: New York, New York
      October 20, 2020

NEW YORK STATE
DEPARTMENT OF FINANCIAL SERVICES

By:  *Katherine A. Lemire / LM*
     KATHERINE A. LEMIRE
     Executive Deputy Superintendent
     Consumer Protection and Financial Enforcement

By:  *Christopher B. Mulvihill*
     CHRISTOPHER B. MULVIHILL
     Deputy Superintendent
     Consumer Protection and Financial Enforcement

     LAURA E. MEEHAN
     ZACHARY J. SHAPIRO
      *Of Counsel*

     One State Street
     New York, New York 10004
     (212) 709-5578

24

1
2
3   STATE OF OREGON
    DEPARTMENT OF CONSUMER AND BUSINESS SERVICES
    DIVISION OF FINANCIAL REGULATION
4
5   In the Matter of:                              Case No. INS-19-0109
6
    THE ALIERA COMPANIES, INC.
7   FORMERLY KNOWN AS ALIERA              **CONSENT ORDER AS AGAINST**
    HEALTHCARE, INC., AND TRINITY         **THE ALIERA COMPANIES, INC.**
8   HEALTHSHARE, INC.                     **FKA ALIERA HEALTHCARE, INC.**

9       Respondents

10      On October 9, 2019, the Director of the Department of Consumer and Business

11  Services for the State of Oregon ("Director"), by and through the Oregon Division of

12  Financial Regulation ("Division"), acting in accordance with Oregon Revised Statutes

13  ("ORS") chapters 731, 732, 733, 734, 735, 737, 742, 743, 743A, 743B, 744, 746, 748 and

14  750 ("Insurance Code"), issued an Order to Cease and Desist, Notice of Proposed License

15  Revocation and Assessment of Civil Penalties, and Right to Administrative Hearing

16  ("Notice") against The Aliera Companies, Inc., formerly known as Aliera Healthcare, Inc.

17  ("Aliera") and Trinity Healthcare, Inc. ("Trinity"), which is incorporated herein and a copy

18  attached herewith.  Aliera timely submitted a hearing request on October 24, 2019.  In

19  accordance with ORS 183.417(3), the Division and Aliera do hereby agree and stipulate as

20  follows:

21      1.  The Division and Aliera are willing to settle all matters concerning the Notice.

22      2.  Aliera hereby withdraws its request for hearing on all matters described in the

23          Notice and understands and agrees that this Consent Order constitutes a final

24          resolution of the matter.  Aliera hereby waives all rights to any contested case

25          hearing or further appeal or judicial review of this matter.

26      3.  Aliera shall exit the Oregon market by June 1, 2021, as described below:

Division of Financial Regulation
Labor and Industries Building
350 Winter Street NE, Suite 410
Salem, OR 97301-3881
Telephone: (503) 378-4387

Page 1 of 6 –CONSENT ORDER                    ALIERA INS-19-0109


**EXHIBIT**
**1.38**

Ex. 1.38, p. 1 of 16

a. No later than June 1, 2021, Aliera, and all of its agents, affiliates, employees, contractors, successors-in-interest, and/or authorized representatives shall cease to solicit, negotiate, sell, or effectuate any product or service in Oregon or to Oregon consumers.

b. Notification to current members:  Aliera agrees to assist and/or cooperate with Trinity in providing written notice to the existing Oregon members of Aliera or Trinity plans, no later than February 28, 2021, that neither Aliera nor Trinity be providing memberships or products to Oregon consumers, effective June 1, 2021.  The written notice will provide information about the federal Affordable Care Act special enrollment period (or, SEP) that will occur between February 15, 2021 and May 15, 2021.  The notice will be sent to all Oregon members by both first-class mail and electronic mail, and Aliera shall make all reasonable efforts to ensure that the notice is sent to members at their current mailing addresses and electronic mail addresses.

4. In lieu of revocation, the Director agrees to allow Aliera and/or its affiliated entities to voluntarily surrender its Oregon nonresident insurance producer license. Aliera shall provide the documentation required to accomplish voluntary surrender within five business days of the date it exits from the Oregon market as described in paragraph 3, above; under no circumstances shall the required documentation be submitted to the Director later than 5 p.m. Salem local time on June 7, 2021.

5. Aliera and any of its successors, assigns, or affiliates will not reapply for licensure in Oregon for five years following the effective date of this Consent Order, and will not offer any products or services to Oregon consumers during that five year timeframe. At the end of the five year period, Aliera and/or its successors, assigns or affiliates may re-enter the Oregon market only if they provide information to the Division regarding the products and services it intends to offer Oregon consumers,

Division of Financial Regulation
Labor and Industries Building
350 Winter Street NE, Suite 410
Salem, OR 97301-3881
Telephone: (503) 378-4387

Page 2 of 6 –CONSENT ORDER

ALIERA INS-19-0109

1   and only if such products and services are pre-approved by the Division.

2   6.  Aliera shall pay a civil penalty as described below:

3      a.  A total civil penalty of $90,000, attributed as follows:

4          1.  $40,000 for alleged violations of ORS 731.354;

5          2.  $10,000 for alleged violations of ORS 744.702;

6          3.  $25,000 for alleged violations of ORS 746.075; and

7          4.  $15,000 for alleged violations of ORS 746.110.

8      b.  The Director hereby suspends $30,000 of the civil penalty assessed against

9          Aliera provided that Aliera does not violate the Oregon Insurance Code or

10          any terms of this Consent Order. If Aliera satisfies these conditions, the

11          Director shall waive the suspended portion of the civil penalty five years

12          after the effective date of this Consent Order.

13      c.  If Aliera violates the Oregon Insurance Code or any terms of this Consent

14          Order during the five-year period, the $30,000 suspended civil penalty shall

15          immediately become due and payable.

16      d.  The $60,000 unsuspended civil penalty assessed herein against Aliera is due

17          and payable at the time this Consent Order is submitted to the Director for

18          signature.

19   7.  The Consent Order is made for settlement purposes only and does not constitute

20      nor should it be construed as an admission by Aliera or any of Aliera's officers,

21      members, agents, or employees of the allegations contained in the Notice.

22   8.  This Consent Order shall not be deemed a concession on the part of the Division

23      regarding the factual allegations and legal conclusions in the Notice.

24   9.  In the event the Division imposes any future sanction against Aliera that is based,

25      in part, upon the facts alleged in the Notice, Aliera maintains its right to contest any

26      and all aspects of such action.  In such event, this Consent Order shall not be

Division of Financial Regulation
Labor and Industries Building
350 Winter Street NE, Suite 410
Salem, OR 97301-3881
Telephone: (503) 378-4387

Page 3 of 6 –CONSENT ORDER                ALIERA INS-19-0109

Resp. Appx. p. 214           Ex. 1.38, p. 3 of 16

**Appx. Vol VIII**
**A-358**

deemed a waiver on the part of Aliera to assert any and all defenses that exist now or may arise in the future, except that Aliera agrees it will not assert that this Consent Order in any way precludes such future actions that are based in part upon the facts alleged in the underlying Notice.

10. By signing below, Aliera acknowledges, understands, stipulates, and agrees that: Aliera has fully read this Consent Order and understands it completely; Aliera voluntarily, without any force or duress, enters into this Consent Order and consents to the Division's adoption of this Consent Order; and Aliera has consulted with legal counsel regarding this Consent Order and has been fully advised of its rights.

11. The Division and Aliera agree that this Consent Order constitutes the entire agreement between them on the subject matter hereof. There are no promises, inducements, understandings, agreements, or representations, oral or written, not specified herein regarding this Consent Order.

12. The Division and Aliera agree that if any term or provision of this Consent Order is declared by a court of competent jurisdiction to be invalid, unenforceable, illegal or in conflict with any law, the validity of the remaining terms and provisions shall not be affected, and the rights and obligations of the signatories shall be construed and enforced as if the Consent Order did not contain the particular term or provision held to be invalid.

13. This Consent Order is binding upon Aliera's successors, assigns, and affiliates.

14. This Consent Order may be executed in one or more multiple counterparts, including facsimile, scanned, and electronically transmitted counterparts, each of which shall constitute an original and all of which together shall constitute one and the same agreement.

15. This Consent Order is based solely on the application of the Oregon Insurance Code to the specific facts of the Division's investigation in this case. Aliera and the

Division of Financial Regulation
Labor and Industries Building
350 Winter Street NE, Suite 410
Salem, OR 97301-3881
Telephone: (503) 378-4387

Page 4 of 6 –CONSENT ORDER                    ALIERA INS-19-0109

1   Director are the only parties to this Consent Order. Therefore, this Consent Order,

2   and any provision, findings, or conclusions contained herein, do not, and is not

3   intended to, determine any factual or legal issue in any other jurisdiction, or have

4   any preclusive or collateral estoppel effects in any lawsuit or action by any person

5   or party other than the Director.

6   SO ORDERED this 23rd day of March, 2021 in Salem, Oregon.

7                              ANDREW R. STOLFI, Director
                              Department of Consumer and Business Services
8

9                              /s/ Dorothy Bean

10                             Dorothy Bean, Chief of Enforcement
                              Division of Financial Regulation
11

12                    *[The remainder of this page intentionally left blank.]*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Division of Financial Regulation
Labor and Industries Building
350 Winter Street NE, Suite 410
Salem, OR 97301-3881
Telephone: (503) 378-4387

Page 5 of 6 – CONSENT ORDER                              ALIERA INS-19-0109

ENTITY CONSENT TO ENTRY OF ORDER

I, <u>Shelley Steele</u>, am an officer of The Aliera Companies, Inc. formerly known as Aliera Healthcare, Inc. ("Aliera"), and I am authorized to act on its behalf.  I have read the foregoing Consent Order and I know and fully understand the contents hereof.  I have been advised of the right to a hearing and of the right to be represented by counsel in this matter.  Aliera voluntarily consents to the entry of this Consent Order without any force or duress, expressly waiving any right to a hearing in this matter, as well as any rights to administrative or judicial review of this Consent Order.  Aliera understands that the Director reserves the right to take further action against it to enforce this Consent Order or to take appropriate action upon discovery that Aliera has committed other violations of the Oregon Insurance Code.  Aliera, along with its officers, directors, employees, or agents, will fully comply with the terms and conditions stated herein.

Aliera understands that this Consent Order is a public document.

Signature: <u>/s/ Shelley Steele</u>

Position Held: <u>CEO</u>

Division of Financial Regulation
Labor and Industries Building
350 Winter Street NE, Suite 410
Salem, OR 97301-3881
Telephone: (503) 378-4387



Page 6 of 6 –CONSENT ORDER

ALIERA INS-19-0109

1

2

3    STATE OF OREGON
DEPARTMENT OF CONSUMER AND BUSINESS SERVICES
4    DIVISION OF FINANCIAL REGULATION

5    In the Matter of:                          Case No. INS-19-0109

6    THE ALIERA COMPANIES, INC.                 ORDER TO CEASE AND DESIST,
FORMERLY KNOWN AS ALIERA            NOTICE OF PROPOSED LICENSE
7    HEALTHCARE, INC., AND TRINITY        REVOCATION AND ASSESSMENT
HEALTHSHARE, INC.                   OF RESTITUTION AND CIVIL
8                                            PENALTIES, AND RIGHT TO
Respondents.             ADMINISTRATIVE HEARING
9

10       The Director of the Department of Consumer and Business Services for the State

11   of Oregon ("Director"), acting in accordance with Oregon Revised Statutes ("ORS")

12   chapters 731, 732, 733, 734, 735, 737, 742, 743, 743A, 743B, 744, 746, 748 and 750

13   ("Insurance Code"), hereby gives notice that the Director issues an Order to cease and

14   desist, proposes to revoke the nonresident insurance producer license of The Aliera

15   Companies, Inc. formerly known as Aliera Healthcare, Inc. ("Aliera") and assess restitution

16   and civil penalties as to Aliera and Trinity Healthshare, Inc ("Trinity," collectively

17   "Respondents").

18       The Director makes the following Findings of Fact, Conclusions of Law, Order,

19   Proposed Orders, and Notice of Right to an Administrative Hearing.

20

21                    FINDINGS OF FACT

22       The Director FINDS that:

23   1.       Aliera Healthcare, Inc. is a Delaware corporation first formed on September 29,

24   2011. The Aliera Companies, Inc. is a Delaware corporation first formed on December 18,

25   2015.

26

Page 1 of 10 – NOTICE ORDER                          ALIERA INS-19-0109

Resp. Appx, p. 218                                              Ex. 1.38, p. 7 of 16

**Appx. Vol VIII**
**A-362**

Division of Financial Regulation
Labor and Industries Building
350 Winter Street NE, Suite 410
Salem, OR 97301-3881
Telephone: (503) 378-4387

Division of Financial Regulation
Labor and Industries Building
350 Winter Street NE, Suite 410
Salem, OR 97301-3881
Telephone: (503) 378-4387

2.      Aliera is registered as a foreign for-profit corporation in the state of Georgia, formed on April 28, 2016. Aliera's principal address is listed as 990 Hammond Drive, Suite 700, Atlanta, GA 30328.

3.      According to the National Association of Insurance Commissioners' State Based Systems, Aliera has its principal office located at 5901 Peachtree Dunwoody Rd, Suite B-200, Atlanta, GA 30328.

4.      Aliera has been licensed as an Oregon nonresident insurance producer since September 26, 2017. Aliera's national producer number is 18501490. Aliera does not hold a certificate of authority in Oregon.

5.      Aliera is not and has never been licensed as a third party administrator ("TPA") in Oregon.

6.      Trinity is a Delaware corporation first formed on June 27, 2018.  Trinity is not a licensed insurance producer and does not hold a certificate of authority in Oregon.

7.      Trinity represents itself as a health care sharing ministry ("HCSM") as defined by 26 USC §5000A. To qualify as an HCSM, it must be a 501(c)(3) organization whose members share a common set of ethical or religious beliefs and share medical expenses among members in accordance with those beliefs. An HCSM must have been in operation and continuously sharing member health care costs since December 31, 1999.

8.      According to the "Management and Administration Agreement" effective August 13, 2018 ("the Agreement") between Respondents, Aliera is the administrator, marketer, and program manager for Trinity and is solely responsible for the development of HCSM plan designs, pricing, marketing materials, vendor management, processing medical claims forms and determining sharing eligibility, and issuance of payment to members and providers on behalf of Trinity.

//

//

Resp. Appx. p. 219                                                                                            Ex. 1.38, p. 8 of 16

**Appx. Vol VIII
A-363**

9.    The Agreement states that "Trinity currently has no members in its HCSM, and the Parties intend that the members who enroll in the Plans become 'customers' of Aliera, and that Aliera maintain ownership over the 'Membership Roster.'"

10.    The Agreement also states that "Trinity is not authorized to contact any members or use any information contained in the Membership Roster for any purpose without the prior written consent of Aliera."

11.    By the terms of the Agreement, "Aliera has the right, at its sole discretion, to develop and market the HCSM (the schedule of medical services eligible for sharing under the HCSM) with other non-insurance health care products that are developed and managed by Aliera."

12.    The Agreement provides detail regarding the fees that Aliera charges, depending on the product line.  For the AlieraCare & InterimCare products, for example, Aliera receives and retains 65% of the total share contribution paid by each primary member. Out of the remaining 35%, Trinity reimburses Aliera for additional costs and expenses, including: 19.6% for "Aliera management fee general overhead ops labor internal sales," 30% for commissions, 2.6% TPA fees, 1.2% provider network, and 0.8% telemedicine. In total, Aliera is reimbursed 54.2% of the 35% remaining in member contributions, receiving almost 84% of the total member contributions.   In other words, out of every $100 a member pays in premiums only $16.03 goes towards paying the medical expenses of members.

13.    A video seminar[1] used by Aliera for training prospective agents states that Aliera's individual plans called "Everyday Plans" make up seventy percent of Aliera's sales. When describing emergency care benefits, the narrator states "MSRA [Member Share Responsibility Amount], which is just another term for deductible." The narrator

---

[1] Aliera Healthcare Product Overview, https://www.youtube.com/watch?v=OjI5Ff1l2Ck&feature=youtu.be, last visited July 23, 2019.

Division of Financial Regulation
Labor and Industries Building
350 Winter Street NE, Suite 410
Salem, OR 97301-3881
Telephone: (503) 378-4387

1  states that Aliera's comprehensive plans "not only mirrors traditional insurance, but truly

2  provide comprehensive healthcare for an individual." Aliera also uses the terms "Bronze,"

3  "Silver," and "Gold" options, which are commonly used in the Affordable Care Act

4  ("ACA") Marketplace. The training fails to mention any requirement of a statement of

5  faith. Aliera's repeated use of insurance terminology in its agent training and marketing

6  materials has the capacity to deceive both prospective agents and prospective consumers

7  into believing they are purchasing health insurance, with the corresponding benefits

8  required under the ACA and state law, rather than an HCSM membership.

9       14.     According to the "Aliera Welcome Letter instantly after enrollment" document

10  provided during the Division's investigation, claim forms are sent to Aliera Healthcare

11  Trinity, PO Box 16818, Lubbock, TX 79490-6818. Aliera's website,

12  www.alierahealthcare.com, also provides a claims portal for members.

13       15.     Although Aliera claims that all HCSM plans are offered by Trinity, Aliera's

14  name and information is provided on all the sales materials, online content, and member

15  guides, and some of the plans are specifically marketed as Aliera products.

16       16.     Since April 2017, Aliera has enrolled 1,333 Oregon consumers in HCSM plans,

17  and such member have paid no less than $7,816,719.31 in contributions and application

18  fees.

19       17.     Oregon consumer RP purchased an Aliera product in or around June 2018. RP

20  was told at the time of purchase that he and his wife would have "coverage similar to

21  Providence [Health Plan]." They were not informed that Aliera was not subject to federal

22  or state insurance laws. RP stated that he and his wife paid a combined $751.08 per month

23  for the Aliera policy from June 2018 to July 2019, for a total amount of approximately

24  $10,515.12. RP also paid a one time enrollment fee of $125 to Aliera. During such

25  timeframe, Aliera only made a partial payment of $89.44 for a routine doctor visit, leaving

26  RP to pay the balance of $375.66.

Division of Financial Regulation
Labor and Industries Building
350 Winter Street NE, Suite 410
Salem, OR 97301-3881
Telephone: (503) 378-4387

18.     At the time that RP enrolled in Aliera, RP informed the independent insurance agent with SureCo Health and Life that he had been diagnosed with Von Willebrand's Disease, a bleeding disorder.  RP was told that there was a pre-existing condition waiting period, however, if he did not have any issues related to RP's condition in the past 24 months prior to sign-up that he would be covered by Aliera.

19.     On February 20, 2019, RP had gone to the dentist for a cleaning and fillings. After the appointment, RP's gums continued to bleed. It was the weekend with no access to his primary doctor and no urgent care facility in the community, RP went to the emergency room. RP was twice infused with DDAVP and admitted to the hospital.

20.     On June 10, 2019, RP filed a complaint with the Division after Aliera denied payment for the February 20, 2019 emergency room visit and hospital stay. The denial of the claim left RP with a $79,594.94 medical bill. An ACA approved health insurance plan, like Providence Health Plan, would have been required to cover this preexisting condition.

21.     Since January 2018, there have been no less than six (6) complaints filed by consumers against Aliera.

CONCLUSIONS OF LAW

The Director CONCLUDES that:

22.     Pursuant to ORS 731.252(1), whenever the Director has reason to believe that any person has been engaged or is engaging or is about to engage in any violation of the Insurance Code, the Director may issue an order to discontinue or desist from such violation or threatened violation.

23.     ORS 731.354 states that no person shall act as an insurer and no insurer shall directly or indirectly transact insurance in this state except as authorized by a subsisting certificate of authority. Trinity does not meet the legal definition of an HCSM under 26 USC §5000A because it has not been in operation and continuously sharing member health care costs since December 31, 1999.  Neither Trinity nor Aliera have certificates of

Division of Financial Regulation
Labor and Industries Building
350 Winter Street NE, Suite 410
Salem, OR 97301-3881
Telephone: (503) 378-4387

Page 5 of 10 – NOTICE ORDER

ALIERA INS-19-0109

Ex. 1.38, p. 11 of 16

Resp. Appx, p. 222

**Appx. Vol VIII
A-366**

1   authority to transact insurance in Oregon. Therefore, Respondents are in violation of ORS

2   731.354.

3       24.     ORS 744.702 states that a person shall not transact business or purport or offer

4   to transact business as a TPA in this state unless the person holds a TPA license. Aliera is

5   not and has never been licensed as a TPA in Oregon.  Aliera is processing claims and

6   otherwise transacting business as a TPA without a license, in violation of ORS 744.702, as

7   indicated in the Aliera Welcome Letter, claims portal for members on Aliera's website and

8   complaints filed with the Division.

9       25.     ORS 746.075 states that a person may not engage, directly or indirectly, in

10  making, issuing, circulating or causing to be made, issued or circulated, any statement

11  misrepresenting the terms of any policy issued or to be issued or the benefits or advantages

12  therein.  Respondents are in violation of ORS 746.075 for misrepresenting the terms of

13  policies being sold to Oregon consumers by using insurance terms in advertisements to

14  mislead consumers into believing that they are purchasing health insurance, with the

15  corresponding benefits under the ACA and state law.

16      26.     ORS 746.110 states that no person shall make, publish, disseminate, circulate,

17  or place before the public, or cause, directly or indirectly, to be made, published,

18  disseminated, circulated, or placed before the public, in a newspaper, magazine or other

19  publication, or in the form of a notice, circular, pamphlet, letter or poster, or over any radio

20  or television station, or in any other way, an advertisement, announcement or statement

21  containing any assertion, representation or statement with respect to the business of

22  insurance or with respect to any person in the conduct of the insurance business, which is

23  untrue, deceptive or misleading. Respondents are in violation of ORS 746.110 for

24  publishing an advertisement with respect to the business of insurance which is untrue,

25  deceptive or misleading by using insurance terms in advertisements to mislead consumers

26  into believing that they are purchasing insurance.

Division of Financial Regulation
Labor and Industries Building
350 Winter Street NE, Suite 410
Salem, OR 97301-3881
Telephone: (503) 378-4387



Page 6 of 10 – NOTICE ORDER                                ALIERA INS-19-0109

27.  ORS 744.074(1)(g) states the Director may revoke an insurance producer license for having been found to have committed unfair trade practices or fraud related to insurance. Aliera violated ORS 744.074(1)(g) by committing unfair trade practices or fraud related to insurance when it advertised non-insurance policies as being equivalent to insurance. Furthermore, Aliera has attempted to evade regulation by operating under an allegedly exempt HCSM, when in fact Trinity has given control of most, if not all, of its operations, marketing, sales, and claims processing to Aliera.  Even if Trinity were a properly qualified HCSM, which it is not for the reasons described in paragraph 7, it cannot be controlled by a for-profit company like Aliera.

28.  ORS 744.074(1)(h) states the Director may revoke an insurance producer license for using fraudulent, coercive or dishonest practices in the conduct of business in this state. Aliera violated ORS 744.074(1)(h) by committing unfair trade practices or fraud related to insurance when it advertised non-insurance policies as being equivalent to insurance. Furthermore, Aliera has attempted to evade regulation by operating under an allegedly exempt HCSM, when in fact Trinity has given control of most, if not all, of its operations, marketing, sales, and claims processing to Aliera.  Even if Trinity were a properly qualified HCSM, which it is not for the reasons described in paragraph 7, it cannot be controlled by a for-profit company like Aliera.

29.  ORS 731.256 states that the Director may institute actions or other lawful proceedings that the director deems necessary to enforce a provision of the Insurance Code or any order or action the director makes or takes in pursuance of law, including seeking restitution on a consumer's behalf for actual damages the consumer suffers as a result of the insurer's violation of a provision of the Insurance Code. Since Respondents do not meet the legal definition of a HCSM under 26 USC § 5000A, and have engaged in the business of entering into policies of insurance in Oregon, they are insurers as defined under ORS 731.106.

Division of Financial Regulation
Labor and Industries Building
350 Winter Street NE, Suite 410
Salem, OR 97301-3881
Telephone: (503) 378-4387



Page 7 of 10 – NOTICE ORDER

Resp. Appx, p. 224

ALIERA INS-19-0109

Ex. 1.38, p. 13 of 16

Appx. Vol VIII
A-368

30.     ORS 731.988(1) states the Director may impose a civil penalty of up to $10,000 per violation upon any person who violates a provision of the Insurance Code. Each violation is a separate offense.

ORDERS

Now therefore, the Director issues the following Order and Proposed Orders:

31.     As authorized by ORS 731.252(1), the Director ORDERS Respondents, and all of its agents, affiliates, employees, contractors, successors in interest, and/or authorized representatives to CEASE AND DESIST from the solicitation, negotiation, sale, or effectuation of Respondents' products in Oregon.

32.     The Director, pursuant to ORS 744.074(1)(g) and (h), hereby proposes to REVOKE Aliera's nonresident insurance producer license.

33.     The Director, pursuant to ORS 731.256, hereby proposes to assess restitution against Respondents, jointly and severally, in the amount of the total premiums or "member contributions" paid by Oregon consumers to Respondents. The total restitution amount shall be determined prior to hearing on this matter.

34.     The Director, pursuant to ORS 731.988(1), hereby proposes to assess a civil penalty of $1,333,000 ($1,000 per Oregon consumer) against Aliera based on violations of ORS 731.354, ORS 744.702, ORS 746.075, and ORS 746.110.

35.     The Director, pursuant to ORS 731.988(1), hereby proposes to assess a civil penalty of $666,500 ($500 per Oregon consumer) against Trinity based on violations of ORS 731.354, ORS 746.075, and ORS 746.110.

///

///

///

///

///

Division of Financial Regulation
Labor and Industries Building
350 Winter Street NE, Suite 410
Salem, OR 97301-3881
Telephone: (503) 378-4387

Page 8 of 10 – NOTICE ORDER                                      ALIERA INS-19-0109

Resp. Appx. p. 225                        Ex. 1.38, p. 14 of 16
Appx. Vol VIII
A-369

1

DESIGNATION OF RECORD

2    36.    The Director designates the Division's file on this matter, which includes all

3   materials submitted by the party, as the record in this case. In accordance with OAR 137-

4   003-0670(3)(a)-(b), the record contains sufficient evidence of the existence of facts

5   necessary to support a final order by default should the Director issue such an order.

6

7   SO ORDERED this __9th__ day of ____October____, 2019 in Salem, Oregon.

8                       CAMERON C. SMITH, Director
                        Department of Consumer and Business Services
9

10

11                       _/s/ Dorothy Bean_____
                        Dorothy Bean, Chief of Enforcement
12                      Division of Financial Regulation

13

NOTICE OF RIGHT TO AN ADMINISTRATIVE HEARING

14          As provided by the Oregon Administrative Procedures Act, ORS Chapter 183, any
15   person affected by the foregoing is entitled to a formal contested case hearing before an
    Administrative Law Judge assigned by the Office of Administrative Hearings.

16
17          In accordance with ORS 183.415, a party must file a written request for a contested
    case hearing within 20 days from the date the order was served personally, or by registered
18   or certified mail. An order that is served by registered or certified mail is complete and
    effective on the date it is mailed to the correct address, even if it is not received by the
19   person to be notified or if that person fails or refuses to accept service of the order.

20          If a party does not timely file a hearing request, their right to a hearing shall be
    considered waived.
21

22          A written hearing request should be directed to:

23          Department of Consumer and Business Services
            Division of Financial Regulation
24          350 Winter Street NE, Room 410
            Salem, OR 97301-3881
25          Attn: Ann Marie Garber

26          In accordance with OAR 137-003-0550(1), a party that is a natural person may
    submit a hearing request without the assistance of an attorney.

Division of Financial Regulation
Labor and Industries Building
350 Winter Street NE, Suite 410
Salem, OR 97301-3881
Telephone: (503) 378-4387

Page 9 of 10 – NOTICE ORDER                              ALIERA INS-19-0109

1
2
3
4

Subject to exceptions, any hearing request that is submitted on behalf of a corporation, partnership, limited liability company, unincorporated association, trust or governmental body by a person that is not licensed to practice law in Oregon must be ratified, in writing, by a person that is allowed to practice law in Oregon within 28 days from the day the hearing request was received by the Director. In that circumstance, the filing date will be the date the hearing request was received, not the ratification date. A hearing request that is not properly ratified is invalid.

5
6
7

Any party that validly requests a hearing will be notified of the time and place of the hearing. If a party does request a hearing, additional information regarding rights of the party will be provided prior to the hearing. A legal aid organization may be able to assist a party with limited financial resources.

8
9
10
11

The Director may enter a final order by default against any party that: 1) does not file a request a hearing within 20 days from the date the order was served; 2) files a hearing request, but does not timely ratify it (if required); 3) withdraws the request for a hearing; or, 4) notifies the Director of the Department of Consumer and Business Services or the Administrative Law Judge that they will not appear, or fails to appear, at the scheduled hearing.

12

NOTICE TO ACTIVE DUTY SERVICEMEMBERS

13
14
15
16

Active duty service members have a right to stay these proceedings under the federal Service members Civil Relief Act. For more information contact the Oregon State Bar at 800-452-8260, the Oregon Military Department at 503-584-3571 or the nearest United States Armed Forces Legal Assistance Office through http://legalassistance.law.af.mil. The Oregon Military Department does not have a toll free telephone number.

17

STATEMENT OF REASONABLE ACCOMMODATION

18
19

All proceedings will be conducted in a wheelchair accessible location. Written materials may be provided and/or graphic displays may be presented during the proceeding. For any other accommodation needed by individuals due to a disability, please contact the agency staff person noted below.

20

AGENCY CONTACT INFORMATION

21
22

Questions concerning the issues raised in the order may be directed to Ann Marie Garber, Oregon Department of Consumer and Business Services, Division of Financial Regulation, Enforcement Section, telephone (503) 983-4656.

23

*[The remainder of this page intentionally left blank.]*

24
25
26

Division of Financial Regulation
Labor and Industries Building
350 Winter Street NE, Suite 410
Salem, OR 97301-3881
Telephone: (503) 378-4387

Page 10 of 10 – NOTICE ORDER                    ALIERA INS-19-0109

**U.S. DEPARTMENT OF LABOR**

News Release

## DEPARTMENT OF LABOR OBTAINS CONSENT JUDGMENT BARRING ALIERA HEALTHCARE, CEO SHELLEY STEELE FROM SERVING AS ERISA FIDUCIARIES, SERVICE PROVIDERS

*Aliera, Steele alleged to have paid more than $100M to themselves, affiliated businesses*

**WASHINGTON** – The U.S. Department of Labor has obtained a judgment barring a plan administrator and its CEO Shelley Steele from serving as fiduciaries or service providers to any plan covered by the Employee Retirement Income Security Act, amid allegations they improperly paid themselves and affiliated businesses more than $100 million.

The action in the U.S. District Court for the Northern District of Georgia follows an investigation by the Philadelphia, Atlanta and Boston regional offices of the department's Employee Benefits Security Administration. The investigation found The Aliera Companies, doing business as Aliera Healthcare Inc., and Steele commingled hundreds of millions of dollars in funds received from individuals and ERISA-covered health plans.

Based in Atlanta, Aliera created, marketed, sold and administered health coverage for approximately 1,025 employers across 39 states for ERISA-covered employer-sponsored plans. The company and its CEO serve as fiduciaries to more than 1,000 U.S. employer-sponsored health plans.

"Shelley Steele and The Aliera Companies flagrantly violated their duties as fiduciaries by failing to act solely in the interest of plan participants and their beneficiaries," said Acting Regional EBSA Director Norman Jackson in Philadelphia. "This judgment should serve as a warning to other fiduciaries who choose to place the interests of themselves over the plan participants."

Aliera partnered with healthcare sharing ministries and sold healthcare products to individuals and ERISA-covered employer-sponsored group health plans that included a claimed health care-sharing ministry component. The company received at least $543,941,705 in healthcare payments from individuals and employer-sponsored group plans and commingled these payments. Although the vast majority of the payments Aliera obtained were made by individuals, the company also received more than $17 million from more than 1,000 ERISA-covered employer-sponsored group plans.

A lawsuit filed by the department's Office of the Solicitor alleged that Aliera and Steele made payments of more than $100 million from those commingled funds to Aliera, Steele and their affiliated businesses, and only used approximately $189,226,916 of the money it received to pay healthcare claims for individuals and ERISA-covered plans. The Aliera Companies Inc. filed for bankruptcy in federal court in Delaware. On August 4, 2023, the department filed a proof of claim in the ongoing bankruptcy proceedings in the amount of $3,874,950 for the amounts owed by Aliera to more than 1,000 ERISA-covered plans.

**Agency:** Employee Benefits Security Administration
**Date:** August 7, 2023
**Release Number:** 23-1634-PHI

**Media Contact:** Grant Vaught
**Phone Number:** 202-693-4672
**Email:** vaught.grant.e@col.gov
Share This

   

## More News Releases

**Previous**
Statement by US Secretary of Labor Su on July jobs report

**Next Up**
Department of Labor returns to normal workplace safety enforcement operations throughout Guam following Typhoon Mawar

**EXHIBIT 1.39**

Ex. 1.39, p. 1 of 2

1/2

**Appx. Vol VIII
A-372**

**Agencies**    **Forms**    **Guidance Search**    **FAQ**    **About DOL**    **News**    **Contact Us**



**U.S. DEPARTMENT OF LABOR**

200 Constitution Ave NW
Washington, DC 20210
1-866-4-USA-DOL
1-866-487-2365
www.dol.gov

**FEDERAL GOVERNMENT**⊞

White House

Benefits.gov

Coronavirus Resources

Disaster Recovery Assistance

DisasterAssistance.gov

USA.gov

Notification of EEO Violations

No Fear Act Data

U.S. Office of Special Counsel

**LABOR DEPARTMENT**⊞

About DOL

Guidance Search

Español

Office of Inspector General

Subscribe to the DOL Newsletter

Read the DOL Newsletter

Emergency Accountability Status Link

A to Z Index

**ABOUT THE SITE**⊞

Freedom of Information Act

Disclaimers

Plug-Ins Used on DOL.gov

Accessibility Statement

Connect With DOL

Ⓕ  Ⓣ  ⓘ  ⓣ  ⓘ  ▶

Site Map  |  Important Website Notices  |  Privacy & Security Statement

Submit Feedback

Ex. 1.39, p. 2 of 2

**Appx. Vol VIII
A-373**