No. 25-1035

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

ALLIANCE OF HEALTH CARE SHARING MINISTRIES,

*Plaintiff-Appellant,*

v.

MICHAEL CONWAY, in his official capacity as the Commissioner of the Colorado Division of Insurance,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Colorado
Case No. 1:24-cv-01386-GPG-STV

# MOTION FOR LEAVE TO FILE BRIEF IN SUPPORT OF AFFIRMANCE

| | |
|---|---|
| Daniel J. Vedra | Beth Dombroski |
| Vedra Law LLC | Triple L Law, P.C. |
| 1444 Blake Street | 24928 Genesee Trail Rd. Unit 100 |
| Denver, Colorado 80202 | Golden, CO 80401 |
| (303) 937-6540 | (303) 847-0755 |
| dan@vedralaw.com | beth@triplellaw.com |

*Counsel for Amici Curiae*

1

Pursuant to Federal Rule of Appellate Procedure 29, the Leukemia & Lymphoma Society, American Cancer Society, American Cancer Society Cancer Action Network, American Lung Association, Colorado Center on Law and Policy, Colorado Consumer Health Initiative, Colorado Gynecologic Cancer Alliance, Muscular Dystrophy Association, and National Multiple Sclerosis Society (collectively "Amici") respectfully move this Court for leave to file the attached amici curiae brief in support of Defendant-Appellee and affirmance.

## IDENTITY AND INTEREST OF AMICI CURIAE

The Leukemia & Lymphoma Society ("LLS") is the world's largest voluntary health agency dedicated to fighting blood cancer and ensuring that the more than 1.3 million blood cancer patients and survivors in the United States have access to the care they need. LLS's mission is to cure blood cancers and to improve the quality of life of patients and their families. LLS advances that mission by advocating that blood cancer patients have sustainable access to quality, affordable, coordinated healthcare, regardless of the source of their coverage.

The mission of the American Cancer Society ("ACS") is to improve the lives of people with cancer and their families through advocacy, research, and patient support, to ensure everyone has an opportunity to prevent, detect, treat, and survive cancer. ACS's extensive scientific findings have established that (1) access to preventive care is strongly linked to early detection and successful treatment of many forms of cancer, and (2) inability to access such preventive screenings is a major impediment to advancing the fight against cancer. The American Cancer Society Cancer Action Network ("ACS CAN") is ACS's nonprofit, nonpartisan advocacy affiliate, making cancer a top priority for

policymakers at every level of government. ACS CAN advocates for guaranteeing all Americans access to preventive care and affordable and adequate health insurance.

The American Lung Association is the nation's oldest voluntary health organization, representing millions of people with or at risk for lung disease in the United States. The Lung Association strongly supports universal access to quality and affordable healthcare. Requiring reporting for HCSAs is essential to educate the public on the difference between these plans and quality and affordable healthcare plans.

The Colorado Center on Law and Policy ("CCLP"), established in 1998, is a non-profit anti-poverty organization advancing the rights of all Coloradans. CCLP uses legislation, litigation, administrative advocacy and research to improve health and economic self-sufficiency. As relevant here, CCLP holds a particular expertise in health systems and affordability, and a core aspect of our mission is ensuring equitable access to medical services for all Coloradans.

Colorado Consumer Health Initiative ("CCHI") supports Coloradans one-on-one to navigate medical billing and health care cost issues and advance policy changes for more equitable and affordable health care. Colorado consumers have been directly impacted by the lack of protections and, prior to HB22-1269, the complete lack of transparency around HCSAs. Coloradans who have enrolled in these arrangements are hit with large medical bills that these arrangements won't cover, and they reach out to CCHI for help. These are some of the hardest and most complicated cases to address. The transparency this law brings is vital to help consumers understand what HCSAs are and how they operate—

before they sign up, need to access care, and incur medical costs that they may be left on the hook to cover.

Colorado Gynecologic Cancer Alliance ("CGCA") serves all those diagnosed with gynecologic cancer in Colorado, including ovarian, uterine and cervical cancers. CGCA's mission is to provide both emotional and financial support while creating a welcoming and empowering community where survivors can meet others who must walk the same path. Our financial support includes insurance optimization and insurance advocacy.

The Muscular Dystrophy Association ("MDA") is the preeminent voluntary health organization in the United States for people living with muscular dystrophy, ALS, and over 300 other neuromuscular conditions. For 75 years, MDA has led the way in accelerating research, advancing care, and advocating support and inclusion of families living with neuromuscular disease. MDA's mission is to empower the people we serve to live longer, more independent lives.

The National Multiple Sclerosis Society (the "Society") mobilizes people and resources so that the nearly one million people affected by multiple sclerosis ("MS") can live their best lives while the Society works to stop MS in its tracks, restore what has been lost and end MS forever.

Amici are concerned that aggressive and deceptive marketing of Health Care Sharing Arrangements ("HCSA" or "HCSAs") have harmed consumers of healthcare in life-altering and life-ending ways. HCSAs resemble traditional health insurance in many ways but lack both the financial guarantees and transparency of actual health insurance. While HCSAs may appear to unsuspecting consumers to be health insurance—carrying premiums, deductibles, co-pays, and even care networks—these

arrangements carry harmful financial and emotional burdens on Amici's constituents: individuals with acute and chronic health problems that are life-threatening. HCSAs are not comprehensive health insurance that provides access to the health care system. Instead, these alternatives to health insurance often leave consumers left wondering what services are actually covered and who will pay the cost of care. Colorado's HCSA reporting law, C.R.S. § 10-16-107.4 (the "Reporting Law") provides consumers with much needed transparency into the effectiveness of these arrangements and helps consumers to know what they are paying for.

**RELEVANCE AND DESIRABILITY OF AMICI CURIAE'S BRIEF**

Amici are longstanding patient and consumer advocacy organizations with a keen interest in promoting quality healthcare. Many of them participated in advocating for the adoption of the Reporting Law and the regulations promulgated thereunder. They advocated because their constituents consist of patients and consumers who have struggled with access to healthcare through substandard health care coverage. They bring a unique, non-governmental perspective to this controversy because they advocate daily for the individuals this law is intended to protect: patients suffering from acute and chronic diseases that require comprehensive access to the healthcare system to treat.

Amici's brief highlights the problem faced by consumers of HCSAs. HCSAs are non-insurance products that mimic insurance. When faced with a sudden and unforeseen diagnosis of cancer or other serious illness, consumers of these products will learn (at the worst possible time) that HCSAs do not carry the basic protections guaranteed by health insurance products that HCSAs mimic. These missing protections include coverage

for diagnostic screenings and ongoing care. Faced with uncertainty over payment, sick patients may delay care when immediate care is necessary. The brief focuses on how the Reporting Law addresses these concerns by bringing transparency to HCSAs.

Because this appeal arises from the District Court's denial of a preliminary injunction, the brief focuses on the balance of equities. Specifically, the equities favor denying the preliminary injunction because the healthcare consuming public needs transparency in the selection of healthcare coverage. Without transparency, consumers are forced to make potentially life-altering decisions without critical information.

## CONCLUSION

For these reasons, Amici respectfully request that the Court grant their motion for leave to file the attached amici curiae brief.

DATED: May 14, 2025

                                           Respectfully submitted,

                                           /s/ Daniel J. Vedra
                                           Daniel J. Vedra
                                           Vedra Law LLC
                                           1444 Blake Street
                                           Denver, Colorado 80202
                                           (303) 937-6540
                                           Dan@vedralaw.com

                                           Beth Dombroski
                                           Triple L Law, P.C.
                                           24928 Genesee Trail Rd.
                                           Unit 100
                                           Golden, CO 80401
                                           (303) 847-0755
                                           beth@triplellaw.com

Attorneys for Amici Curiea

## CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Fed. R. App. P. 27(d)(2) because this motion contains 1,147 words, excluding parts of the brief exempted by Fed. R. App. P. 27(a)(2)(B). This motion complies with Fed. R. App. P. 27(d)(1)(E) and the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Mircosoft Word using a proportionally spaced typeface, 14-point Century Schoolbook.

Dated: May 14, 2025

/s/ Daniel J. Vedra<br>
Daniel J. Vedra<br>
Counsel for Amici Curiae

## CERTIFICATE OF DIGITAL SUBMISSION

      I hereby certify that with respect to the foregoing: (1) all required privacy redactions have been made per 10th Cir. R. 25.5; (2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents; (3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, McAfee Antivirus, and according to the program are free of viruses.

Dated: May 14, 2025

                                                   /s/ Daniel J. Vedra  
                                                   Daniel J. Vedra  
                                                   Counsel for Amici Curiae

## CERTIFICATE OF SERVICE

      I hereby certify that on May 14, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

Dated: May 14, 2025

                                          /s/ Daniel J. Vedra
                                          Daniel J. Vedra
                                          Counsel for Amici Curiae